FRATERS VALVE & FITTING CO., a California Corporation, and Edward P. O'Hara, Individually and to the Use of Fraters Valve & Fitting Co.

v.

The UNITED STATES.

No. 430-57.

United States Court of Claims.

July 16, 1965.

John E. Sisson, Los Angeles, Cal., for plaintiff; Alfred C. Ackerson, Los Angeles, Cal., attorney of record. Paul M. Rhodes, Washington, D. C., of counsel.

Katherine H. Johnson, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

LARAMORE, Judge.

This case concerns a claim by plaintiff, as a corporate entity, and by its agent in its behalf, for an award of compensation allegedly due as an informer's award under 19 U.S.C. § 1619, on the ground that it gave original information to the Secretary of the Treasury of a violation of the Antidumping Act, 42 Stat. 11, by British soil pipe manufacturers.

The case arises on defendant's motion to dismiss for the alleged reason that the petition fails to state a claim upon which relief can be granted. Plaintiff has filed opposition to the motion to dismiss and has filed motion for summary judgment. The petition alleges that on or about August 18, 1954, plaintiff, Edward P. O'Hara, acting in his capacity as president of the Fraters Valve & Fitting Co., and for and on behalf of said corporation, gave original information to the Secretary of the Treasury of a fraud upon the customs revenue and a violation of the customs laws, which information led to a recovery of duties withheld, fines, penalties and forfeitures incurred under and pursuant to law.

On or about May 26, 1955, the Treasury Department notified plaintiff that it had issued a press release announcing that it had instructed Customs Field Officers to withhold appraisement of entries of cast iron soil pipe from the United Kingdom pending an investigation to determine whether the pipe was being sold to the United States at less than fair value. Plaintiff was further notified at that time that under the Antidumping Act evidence of sales in the United States at less than fair value would require reference of the case to the Tariff Commission, which would consider whether American industry was being injured, and that "[b]oth dumping price and injury must be shown to justify a finding of dumping under the law."

The statute under which an informer's award may be paid, 19 U.S.C. § 1619 (1958), supra, provides:

Any person not an officer of the United States * * * who furnishes to * * * the Secretary of

the Treasury, * * * original information concerning * * * a violation of the customs laws * *, perpetrated or contemplated, which * * * information leads to a recovery of any duties withheld, * * may be awarded and paid by the Secretary of the Treasury a compensation of 25 per centum of the net amount recovered, but not to exceed $50,000 in any case, * * *.

Section 201(a) of the Antidumping Act, 19 U.S.C. § 160(a) (1958), reads in pertinent part as follows:

Whenever the Secretary of the Treasury * * * determines that a class or kind of foreign merchandise is being, or is likely to be, sold in the United States or elsewhere at less than its fair value, he shall so advise the United States Tariff Commission, and the said Commission shall determine within three months thereafter whether an industry in the United States is being or is likely to be injured, or is prevented from being established, by reason of the importation of such merchandise into the United States. The said Commission, after such investigation as it deems necessary, shall notify the Secretary of its determination, and, if that determination is in the affirmative, the Secretary shall make public a notice * * * of his determination and the determination of the said Commission.

Section 202(a) of the above Act, 19 U.S.C. § 161(a) (1958), reads in pertinent part as follows:

In the case of all imported merchandise, whether dutiable or free of duty, of a class or kind as to which the Secretary of the Treasury has made public a finding as provided for in section 160 of this title, * * * as to which no appraisement report has been made before such finding has been so made public, if the purchase price or the exporter's sales price is less than the foreign market value * * * there shall be levied, collected, and paid, in addition to any other duties imposed thereon by law, a special dumping duty in an amount equal to such difference.

The answer to this controversy lies in the wording of the statutes involved. First it must be shown, to permit recovery under the informer's compensation statute, supra, that the dumping of foreign merchandise involved a "violation of the customs laws." We are shown no statute, and we know of none, that prohibits dumping or prohibits "injurious" dumping. All that is provided in the Antidumping Act are procedures for the collection of a "special dumping duty" in addition to the duties, if any, imposed by law.

The importation and sale of foreign merchandise at less than its fair value is not of itself a violation of the customs laws. Much duty-free merchandise could be subject to a special dumping duty under the Antidumping Act, supra, and yet there would be no violation of the customs laws. As a matter of fact, under the Antidumping Act no determination is made by the Tariff Commission or the Secretary of the Treasury that there has been a violation of the customs laws which is one of the requirements provided for in the informer's compensation statute.

Furthermore, information which leads to a finding by the Tariff Commission of "injury" under section 201(a), supra, and a subsequent initial assessment by the Collector of Customs of a special dumping duty under section 202(a), supra, is not information which leads to the recovery of customs duty withheld within the meaning of the informer's compensation statute. This is so because no customs duty has been withheld. It is not until an administrative determination is made that the special dumping duty can be assessed and collected.

Since no information has been furnished concerning a *violation of the customs laws,* plaintiff has not brought itself within the meaning of the informer's compensation statute, supra, and conse-

quently the petition has not stated a cause of action upon which relief can be granted. Under the same reasoning, plaintiff is not entitled to summary judgment fixing liability upon the United States.

Defendant's motion to dismiss is granted; plaintiff's motion for summary judgment is denied, and the petition is dismissed.